FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC - 5 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JAMES JEFFERSON KENNER,                ) 3:08-CV-00165-HDM (RAM)
                                       )
            Plaintiff,                 ) REPORT AND RECOMMENDATION
                                       ) OF U.S. MAGISTRATE JUDGE
     vs.                               )
                                       )
CORRECTIONAL OFFICER                   )
VIADURRI, et al.,                      )
                                       )
            Defendants.                )
_____)

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss (Doc. #13). Plaintiff has opposed (Doc. #16), and Defendants have replied (Doc. #17).[1] For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections ("NDOC"). He brings this action under 42 U.S.C. §§ 1981 and 1983, alleging violations of his constitutional rights arising from his confinement at the Northern Nevada Correctional Center. In Count I, Plaintiff alleges that Correctional Officer Viadurri retaliated against

---

[1] On August 25, 2008 Plaintiff filed a pleading titled "Reply to Defendant's Motion to Dismiss '2nd Motion.'" (Doc. #18.) This is not a pleading authorized by Federal Rule of Civil Procedure 7 and should not be considered by the court.

1

Plaintiff on January 12, 2007 for filing a grievance against him for abusive language. (Doc. #4 at 4.) By removing Plaintiff from his work duties, Plaintiff contends that Officer Viadurri deprived him of a right to earn early release credits in a manner intended to inflict pain on Plaintiff, constituting cruel and unusual punishment without due process of law. Plaintiff alleges a violation of his First, Eighth, and Fourteenth Amendment rights under the U.S. Constitution. (Doc. #4 at 4.)

In Count II, Plaintiff alleges that in retaliation for filing the aforementioned grievance, Officers Viadurri and Flom conspired to place Plaintiff in solitary confinement for twenty-eight days without a hearing or notice of charges. Plaintiff alleges that the defendants were deliberately indifferent to Plaintiff's health and safety needs and ignored his due process rights. Plaintiff alleges violations of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. (*Id.* at 5.)

In Count III, Plaintiff alleges that on a different occasion, a senior lieutenant correctional officer confined Plaintiff to restricted quarters in disciplinary segregation for eighty-six days without a notice of charges or hearing. Plaintiff contends that he was continuously exposed to environmental tobacco smoke in spite of his health needs, violating his Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* at 6.)

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. All allegations of material fact are construed in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The plaintiff need only give defendants a fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) A Rule 12(b)(6) dismissal may arise from a lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "Conclusory allegations

of law and unnwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). At minimum, the complaint should plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Nevertheless, a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 127 S.Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

#### 1.  COUNT I

Defendants contend that Count I of Plaintiff's complaint should be dismissed because he has failed to exhaust his state administrative remedies. The Prison Litigation Reform Act requires a prisoner plaintiff to exhaust his available administrative remedies before filing a civil rights complaint. 42 U.S.C. § 1997 (2000). The burden to raise and prove this defense lies with the defendant. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust remedies is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *Id.* The court has broad discretion in resolving factual disputes arising in this context and may look beyond the pleadings. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). At the time Plaintiff commenced this action, the administrative mechanism through which an inmate could bring claims relating to his confinement consisted of three levels of review: Informal, First Level, and Second Level. (Doc. #13 at 3 [citing Administrative Regulation 740].)

Defendants argue that while Plaintiff filed Informal Grievance #20071904 ("the '904 grievance"), he never raised the issue of the retaliatory employment termination itself or filed any subsequent grievances at the subsequent levels. (Doc. #13 at 4.) In response, Plaintiff argues he has given the prison grievance system "a chance to work," that he has received no response from the prison, and that prison officials prevented Plaintiff from utilizing the

3

available administrative remedies. (Doc. #15 at 3.) Plaintiff's arguments are not persuasive. Contrary to his allegations, Plaintiff never mentioned a retaliatory discharge by Officer Viadurri in the '904 grievance, which only complains of inappropriate language directed toward Plaintiff. (Doc. #15 at 31.) Defendants submitted a response to the grievance in a timely manner and Plaintiff acknowledged receiving it. The response indicated that Plaintiff could file a First Level grievance if he disagreed with the result. (*Id.*) Because Plaintiff has not pursued his claims through the administrative process and not given prison officials an opportunity to respond, his claim should fail as a matter of law. As such, the proper remedy should be dismissal without prejudice. *O'Guinn v. Lovelock Correctional Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

### 2. COUNT II

Defendants move for dismissal on grounds similar to Count I. Defendants concede that Plaintiff fully exhausted his remedies with respect to Grievance #20062638313 but argue that he raises new allegations in his complaint. The grievances alleged that Officer Flom placed Plaintiff in solitary confinement without a notice of charges or hearing. (Doc. #15 at 32-35.) Plaintiff makes the same claim in his complaint, but also alleges that there was a conspiracy between Officers Flom and Viadurri to retaliate against Plaintiff for filing the '904 grievance. (Doc. #4 at 5.) The court finds that while Plaintiff styles this portion of his complaint as a single count, it should be considered as two discrete claims. Plaintiff exhausted the available administrative remedies relating to his placement in solitary confinement by Officer Flom, and therefore Defendants' motion should be denied as to that claim. Plaintiff's claim relating to conspiracy and retaliation by prison officials has not been raised before the Inmate Grievance Procedure, and should therefore be dismissed without prejudice as to both Officers Flom and Viadurri. *O'Guinn*, 502 F.3d at 1059.

### 3. COUNT III

As with Count II, Defendants argue that Plaintiff's complaint presents new claims not previously brought before the prison administrative system. The court finds this count

4

consists of two claims: (1) that prison officials violated Defendant's rights by failing to enforce the prison smoking policy in Plaintiff's cell, and (2) that Plaintiff was denied certain procedural rights when he was moved into disciplinary segregation without a notice or hearing. The court finds that NDOC officials have not had the opportunity to address Plaintiff's complaint relating to his disciplinary segregation, and therefore this claim is dismissed without prejudice. *O'Guinn*, 502 F.3d at 1059. Plaintiff is free to pursue this claim through the prison administrative system, after which he can file a complaint with the court if his concerns are still not addressed. Defendants' motion should be denied, however, on Plaintiff's claims relating to exposure to tobacco smoke based on the Fifth, Eighth, and Fourteenth Amendments, as the record indicates that these have been properly grieved before the prison administrative system.

**B.    FOURTH AMENDMENT**

In addition to raising procedural defenses, Defendants challenge the merits of Plaintiff's claims in Counts II and III. (Doc. #13 at 6-7). Defendants first argue that Plaintiff has failed to state a claim according to the Fourth Amendment in Count II of his complaint.[2] Liberally construing Plaintiff's complaint, he alleges that his placement in solitary confinement without a notice of charges or hearing deprived him of his Fourth Amendment right to be free from unreasonable seizure. Defendants contend that a prisoner never has a liberty interest in being confined to a particular unit of the prison. (Doc. #13 at 6.) That argument fails, however, because inquiry into whether a prisoner possesses a liberty interest when a change occurs in confinement is a "case by case, fact by fact consideration." *Keenan v. Hall*, 83 F.3d 1093, 1089 (9th Cir. 1996). A prisoner possesses a liberty interest under the Fourth Amendment when a change in confinement poses "an atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Three factors are relevant to evaluating a prisoner's liberty interest in avoiding a disciplinary segregation:

---

[2] Plaintiff makes an additional Fourth Amendment claim in Count III of his complaint, but that has been dismissed for failure to exhaust administrative remedies.

(1) whether disciplinary segregation was the same as other discretionary forms of segregation; (2) the differences between the prisoner's confinement and conditions in the general population, to the extent they suggest that plaintiff suffered a disruption to his environment; and (3) whether the length of the plaintiff's sentence was affected by the segregation. *Id.* at 486-87.

In this case, Plaintiff only alleges that he was placed in solitary confinement. (Doc. #4 at 5.) There is no liberty interest involved, however, in being placed in solitary confinement. *Sandin*, 515 U.S. at 487 (holding that an inmate's solitary confinement in the prison's segregated housing unit did not implicate a liberty interest); *Resnick*, 213 F3d. at 443 (affirming dismissal for failure to state a claim where there were no material differences alleged between disciplinary confinement and purely discretionary segregation). Plaintiff does not allege any other deprivations, such as revoked privileges or a lengthened sentence resulting from this confinement. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (listing material differences between general and segregated confinement that could create an actionable liberty interest). Neither does Plaintiff contend that being in solitary confinement posed a significant hardship or disruption to him. Rather, Plaintiff only makes a passing reference to the Fourth Amendment in his complaint and fails to address how or why a liberty interest is implicated when responding to the motion to dismiss.[3] Because Plaintiff has failed to allege a constitutionally protected interest, his claim should be dismissed.

C. **SIXTH AMENDMENT**

Defendants also argue that Plaintiff has failed to state a claim under the Sixth Amendment. In response, Plaintiff reargues the merits of his due process and equal protection arguments. (Doc. #15 at 8.) Prison disciplinary proceedings are not "criminal prosecutions" within the meaning of the Sixth Amendment. *U.S. v. Gouveia*, 704 F.2d 1116, 1121 (9th Cir. 1983) (rev'd on other grounds) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Wolff v.*

---

[3] In defending his Fourth Amendment claims, Plaintiff only discusses his placement in disciplinary segregation raised in Count III, which has been dismissed for failure to exhaust administrative remedies, not his placement in solitary confinement raised in Count II.

6

*McDonnell*, 418 U.S. 539 (1974)). Accordingly, the motion to dismiss Plaintiff's Sixth Amendment claim in Count II should be granted.

### D. THIRTEENTH AMENDMENT

In Count III, Plaintiff argues that prison officials violated the Thirteenth Amendment by placing him in disciplinary segregation with a smoking inmate. According to Plaintiff, this effectively enslaved him because "he was unable to leave the smoking of inmates of housing '7B' as he could have done in general population." (Doc. #15 at 9.) This is not involuntary servitude within the meaning of the Thirteenth Amendment. *See Butler v. Perry*, 240 U.S. 328, 332 (1916) ("This Amendment was adopted with reference to conditions existing since the foundation of our Government, and the term 'involuntary servitude' was intended to cover those forms of compulsory labor akin to African slavery which, in practical operation, would tend to produce like undesirable results.") (citations omitted). "The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1964) (citations omitted). Moreover, Plaintiff has not alleged that he was required to perform any labor while in disciplinary segregation. Accordingly, the motion to dismiss Plaintiff's Thirteenth Amendment claim in Count III should be granted.

### E. DAMAGES

Defendants argue that Plaintiff's demand for damages fails to meet the requirements under § 1983. Plaintiff seeks $4.5 million in compensatory damages for the violation of his constitutional rights arising from exposure to environmental tobacco smoke. (Doc. #4 at 9.) Even assuming Plaintiff fails to make a showing of actual injury suffered by being exposed to the cigarette smoke in Claim III, this does not defeat his claim as a matter of law, as Plaintiff is nevertheless entitled to collect nominal damages. *Adams v. Wolff*, 624 F.Supp. 1036, 1038 (D.Nev. 1985). Moreover, Plaintiff could still be entitled to actual damages for Count II if he succeeds in proving his disciplinary segregation was wrongful. *Id.* at 1040. Therefore, the motion to dismiss on this basis should be denied

F.  **42 U.S.C. § 1981**

Defendants contend that Plaintiff has failed state a claim under 42 U.S.C. § 1981. "The Supreme Court has interpreted this language to prohibit racial discrimination by both private parties and state entities in the making and enforcement of contracts." *Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1067 (9th Cir. 2007). The only reference to discrimination occurs in Plaintiff's response to Defendants' motion to dismiss Count III, where he argues that a prison official "treated [Plaintiff] different [sic] from the other inmates in the prison yard by not filing a complaint for any rule violation  Other prisoners are only taken from the general population (G.P.) for violating prison rules." (Doc. #15 at 8.) This assertion neither suggests unequal treatment on the basis of race nor any obstruction in making a contract. Because Plaintiff has failed to state a claim under 42 U.S.C. § 1981, Defendants' motion to dismiss on this basis should be granted. The practical effect of this is nil, as Plaintiff only pleads this provision as an alternative jurisdictional basis.

G.  **PERSONS AMENABLE TO SUIT UNDER 42 U.S.C. § 1983**

Finally, Defendants argue that the complaint should be dismissed because they are not amenable to suit under § 1983 for acts taken in their official capacity. A state official sued in his or her official capacity for damages is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Where the plaintiff is seeking damages against a state official, however, a strong presumption is created in favor of a personal-capacity suit because an official-capacity would be barred. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999). For this reason, where a complaint fails to mention the capacity in which an official is sued, it is presumed that the official is sued in his or her personal capacity. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994).

Contrary to Defendants' assertions, Plaintiff has not indicated that he is suing them in their official capacities. Defendants apparently rely on a single statement at the conclusion of Plaintiff's complaint: "Where the state (Nv.) has procedures, regulations or statutes designed to control action of state officials, and those officials are charged with carrying out

8

state policies, act [sic] under apparent authority of those directives, officials' conduct is not random." (Doc. #4 at 9.) Though not cited by Plaintiff, the court presumes that this statement is lifted from *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985), in the context of determining whether the state was required to provide a hearing concerning back wages due to a prison worker before or after the alleged deprivation. As used in Plaintiff's complaint, the statement seems to suggest that the conduct he complains of was deliberate rather than unplanned and that Defendants were acting under apparent authority of the state. It does not indicate that Defendants were acting in an official capacity when they engaged in the alleged unconstitutional conduct. Even if it did so, this is distinguishable from the capacity in which the defendants are sued. *Hafer v. Melo*, 402 U.S. 21, 26 (1991). Because the complaint does not identify the capacity in which Defendants are being sued, the court presumes it is in their personal capacity. The motion to dismiss should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** in part and **DENYING** in part Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. #13.) Count I of the complaint, the conspiracy and retaliation claim in Count II, and the disciplinary segregation-related claim in Count III should be **DISMISSED** without prejudice for failure to exhaust administrative remedies. Defendants' motion should be **DENIED** for Plaintiff's claims related to his placement in solitary confinement in Count II and exposure to tobacco smoke in Count III.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **GRANTING** with prejudice the motion to dismiss Plaintiff's claims predicated on the Fourth and Sixth Amendments in Count II, the Thirteenth Amendment in Count III and **DENYING** the motion to dismiss based on damages and persons not amenable to suit under 42 U.S.C. § 1983.

///
///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: December 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE