**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JAMES JEFFERSON KENNER, | ) | 3:08-cv-00165-HDM-RAM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CORRECTIONAL OFFICER VIDAURRI, et al., | ) | |
| Defendants. | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (#40) filed on June 10, 2010, in which the magistrate judge recommends that this court enter an order granting defendants' motion for summary judgment (#35). Plaintiff opposed the motion (#37), and defendants replied (#38). Plaintiff also filed objections to the report and recommendation (#41).

In response to plaintiff's objections, the court notes the following. With regard to Count II, plaintiff continues to assert that he was entitled to a hearing before he was placed in segregation, citing *Hughes v. Rowe*, 449 U.S. 5 (1980) as support for that proposition. The Court in *Hughes* held that it was error

1

to dismiss for failure to state a claim the plaintiff's assertion that he was placed in administrative segregation without a prior hearing when there were no "apprehended emergency conditions." *Id.* at 11-12. The Court specifically noted, however, that it was not passing on the merits of that claim. *Id.* at 12. Moreover, in *Hughes* the record did not suggest that emergency conditions existed or that the prisoner's offense involved violence. *See Hewitt v. Helms*, 459 U.S. 460, 469 n.5 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Here, plaintiff was segregated on suspicion of fighting and assault. (*See* Def. Mot. Summ. J. Ex. B-1). Thus, *Hughes* does not support plaintiff's assertion that he was entitled to a hearing before being placed in administrative segregation.

With regard to Count III, plaintiff makes no objections concerning his Eighth Amendment conditions of confinement claim. Rather, plaintiff's objections focus only on the due process component of that count, which had already been dismissed by this court before the filing of defendants' motion for summary judgment. (*See* Order Adopting Report & Recommendation dated Jan. 9, 2009). Plaintiff's objections thus do not pertain to the surviving portion of Count III and will not be considered by this court.

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and good cause appearing, the court hereby

ADOPTS AND ACCEPTS the report and recommendation of the United States Magistrate Judge (#40). The defendants' motion for summary

2

judgment (#35) is therefore **GRANTED**.  The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: This 22nd day of July, 2010.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE

3